Citation Nr: 1761236 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 14-04 585 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to an initial evaluation in excess of 30 percent for bronchial asthma disability. 


REPRESENTATION

Veteran represented by: Mr. Michael Brown, Attorney at Law 


WITNESS AT HEARING ON APPEAL

The Veteran 


ATTORNEY FOR THE BOARD

J. Murray, Counsel 

INTRODUCTION

The Veteran served on active duty in the United States Marine Corps from April 1958 to March 1961. 

This matter comes before the Board of Veterans' Appeals (Board) from a July 2010 rating decision by the Department of Veterans Affairs, Regional Office (RO) located in Philadelphia, Pennsylvania, which in pertinent part, awarded service connection for bronchial asthma and assigned a 30 percent rating, effective from date of claim. The Veteran appealed the initial assigned evaluation. The jurisdiction has since been transferred the RO located in Newark, New Jersey. 

In May 2016, the Veteran testified before the undersigned during a Board hearing held at the RO. A copy of the hearing transcript has been associated with the claims folder. 

The matter was remanded in September 2016 to the RO (via the Appeals Management Center (AMC)) for additional development, to include obtaining outstanding medical records and to provide the Veteran with a new VA examination. 
 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks entitlement to a high initial evaluation for his service-connected bronchial asthma. Based on a review of the claims folder, the Board finds that additional development is needed. 

Initially, the Board notes that this matter was previously remanded in September 2016 in order to obtain outstanding VA medical records, to include a copy of the report of a December 10, 2012 VA pulmonary function test (PFT) that served as the diagnostic test results in a January 2013 VA respiratory examination report. The VA medical records associated with the claims folder following the Board's 2016 remand contains a December 10, 2012 VA pulmonary consultation note that reflects a PFT was successfully completed on that date. However, the actual findings from that December 10, 2012 VA PFT report were not included in the VA medical records. 

The actual December 10, 2012 VA PFT report is of some importance as the January 2013 VA examiner may not have accurately recorded the findings for forced expiratory volume in one second (FEV-1) and forced vital capacity (FCV) from that test. In this regard, the 2013 VA examiner recorded that the Veteran's December 10, 2012 post-bronchodilator result for FEV-1/FVC ratio was 31.6 percent which is a significant decrease from the pre-bronchodilator result for FEV-1/FVC ratio of 52 percent. In contrast, reviews of the many other PFT reports of record demonstrate an improvement in FEV-1/FVC ratio following use of a bronchodilator. 

A remand is need for another attempt to obtain the December 10, 2012 VA PFT report which contains the actual findings from that test. If this record is unavailable, a memorandum of unavailability must be associated with the claims file. 

In addition, a remand is needed to obtain an addendum medical opinion from the 2017 VA examiner that addresses why the results for FEV-1 percentage most accurately reflect the severity of the Veteran's bronchial asthma disability as opposed to the result of FEV-1/FVC percentage. In both the September 2016 and September 2017 VA examination reports, the VA examiners concluded that the September 30, 2016 PFT results for FEV-1 percentage most accurately reflect the severity of the Veteran's disability without providing an explanation for that medical conclusion. 

Notably, 38 C.F.R. § 4.96 (d)(5)(2017) provides that when there is a disparity between the results of different PFT findings of FEV-1 and FVC, so that the level of evaluation would differ depending on which test result is use, use the test result that the examiner states most accurately reflects the level of disability. Here, the September 30, 2016 VA PFT test shows such a disparity in the results. The Veteran's representative specifically contends that a rational statement explaining why the examiners felt that FEV-1 percent most accurately reflects the Veteran's disability is needed. See December 2017 informal hearing presentation. The Board agrees that such a medical statement would be helpful in this matter. 

The Board notes that the Veteran's representative also asserts that the 2017 VA examiner failed to comply with the Board's 2016 remand instructions because the examiner only identified the FEV-1 ratios and did not identify the FEV-1/FVC ratios in the previous 2010, 2011, 2012, and 2016 private PFT. To that extent, the Board notes that a review of all of those private PFT reports already contain the FEV-1/FVC ratio results and a remand for further interpretation of those PFTs is not needed at this time. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain a copy of the report of the December 10, 2012 VA pulmonary function test and results, and associate the document with the electronic claims folder. If this record is unavailable, a memorandum of unavailability must be associated with the claims file. All attempts to obtain the report of the December 10, 2012 VA pulmonary function test should be documented in the claims folder.

2. Arrange for the claims folder to be returned to the September 2017 VA respiratory examiner in order to provide an addendum medical statement that explains why the result for FEV-1 percentage from the September 30, 2016 VA PFT test most accurately reflects the severity of the Veteran's bronchial asthma disability. In addition, the VA examiner should comment on whether results for FEV-1 percentage from the previous PFT reports of record also most accurately reflect the severity of the Veteran's bronchial asthma disability at those times and provide an explanation for that conclusion. 

If the examiner who drafted the September 2017 VA examination report is unavailable, the opinion should be rendered by another appropriate examiner. The need for a new examination is left to the discretion of the medical professional offering the addendum medical opinion. The claims file and a copy of this Remand must be made available to the reviewing examiner, and the examiner shall indicate in the supplemental opinion report that the claims file was reviewed.

3. Thereafter, readjudicate the claim on appeal. If the benefit sought on appeal remains denied, issue a Supplemental Statement of the Case (SSOC) that addresses all evidence return the appeal to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).